IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiffs,<br><br>v.<br><br>JANY LEVEILLE, SIRAJ IBN WAHHAJ, HUJRAH WAHHAJ, SUBHANAH WAHHAJ, and LUCAS MORTON,<br><br>    Defendants. | No. 18-CR-2945 WJ |

**JOINT OBJECTION TO FILING OF MOTION FOR CIPA PRETRIAL CONFERENCE DURING PENDENCY OF THE STAY, MOTION TO STRIKE OR HOLD IN ABEYANCE THE MOTION AND TO REJECT *EX PARTE* COMMUNICATIONS AND SUBMISSIONS UNTIL STAY IS LIFTED**

Counsel for all Defendants object to the government's filing of the Motion for Pretrial Conference (Doc. 255) ("PTC Motion"), and move the Court to strike it, or, alternatively, hold it in abeyance until the competency proceedings resolve and the Court lifts the stay. On February 18, 2020, this Court stayed the case to await the competency proceedings for Defendants Jany Leveille, Hujrah Wahhaj, Subhanah Wahhaj, and Lucas Morton. *See* Doc. 192. Plaintiff United States of America consented to that stay. *See* Sealed Motion to Stay Proceedings (Doc. 189). Under a month ago, on August 14, 2020, over the objection of Defendant Siraj Ibn Wahhaj, the Court reiterated that this case is to remain stayed for the time being while the competency proceedings continue. *See* Doc. 250.

Nevertheless, the government violated this stay less than two weeks later, when it filed the PTC Motion under CIPA § 2, so that it can "request *ex parte* and *in camera* review of its decisions regarding . . . classified information." PTC Motion at 9. In addition to violating the

Court's stay, the *ex parte* submissions called for in this PTC Motion implicate the Defendants' due process rights at a time when four of the five Defendants are in competency proceedings and cannot participate in their defense, and implicates those Defendants' counsels' professional responsibility to take reasonably necessary protective action for clients with diminished capacity. *See* Rule 16-114(B) NMRA. The Court properly should strike the PTC Motion, or, in the alternative, prohibit the government from submitting any *ex parte* submissions or argument and hold the PTC Motion in abeyance until the stay is lifted.

## BACKGROUND

As the government's PTC Motion points out, this Court stayed the case on February 18, 2020, when it "granted a[n unopposed] defense motion to stay all proceedings until resolution of pending competency determinations." PTC Motion at 1. While those proceedings have progressed, all four Defendants are still involved in competency proceedings and have not been adjudicated competent. Thus, they cannot assist their counsel in preparation of their defense.

Since the February 2020 in this case, only Siraj Wahhaj – who did not undergo any competency proceedings – has been able to assist his counsel in anything substantive, and filed a motion to lift the stay in relation to him. On August 13, 2020, the Court denied that motion, and kept in place the stay in the proceedings for all parties.

Notwithstanding the Court's clear guidance that the stay remains in place (which is proper, given that four of five Defendants can't assist in the defense of this complex case), the government filed the PTC Motion less than two weeks later. The government asks that the Court hold this pretrial conference so that it may submit to the Court, *ex parte*, documents and information that Siraj Wahhaj requested to aid in his defense. While the Court doesn't appear to have discretion to hold the CIPA pretrial conference once it's requested, the Court is not required

to receive *ex parte* the submissions from the government. *Ex parte* communications between the Court and the prosecution significantly affect the Defendants' due process rights and the fairness of this proceeding. The Defendants have the due process right to object to such *ex parte* submissions. However, because the case is stayed, and because four of the five Defendants are in competency proceedings and have not been adjudicated competent, their counsel are unable to engage the Defendants to help assess and competently respond to the PTC Motion, and to discuss with the Defendants whether to object to *ex parte* submissions at the CIPA pretrial conference. Simply put, the government should not have violated the stay and should not have filed this PTC Motion until the competency proceedings are resolved and the stay is lifted.

## **ARGUMENT**

The Court should reject the government's violation of the stay in filing the PTC Motion, should strike the PTC Motion, and should deny any request by the government to proceed with *ex parte* submissions or argument. Alternatively, the Court should hold the PTC Motion in abeyance and deny any request by the government to proceed with *ex parte* submissions or argument, until the competency proceedings conclude and the Court lifts the stay.

As noted in the Unopposed Motion to Stay Proceedings, the Honorable James O. Browning found that, given the defendant's "right to due process . . ., specifically, his right to assist in his own defense during the entire time preceding any trial date," it would be unfair to force a defendant "to begin preparing for a trial during a period of time when he may not be competent to assist his counsel adequately." *See United States v. Hernandez-Mejia*, No. CR 05-0469 JB, Memorandum Opinion & Order at 6 (Sept. 4, 2007). Here, the circumstances supporting the Court's stay are more compelling than they were in *Hernandez-Mejia*, because two of four Defendants have been adjudicated incompetent, the other two have not been

adjudicated competent, and, thus, none of the four can assist their counsel in their own defense. Whereas Defendants previously noted that "it is often necessary to confer with defendants factually in order to assess the viability of motions," Unopposed Motion to Stay at 4 n.1, counsel for four out of five Defendants cannot do this. Therefore, the Court should strike the PTC Motion for the government's violation of the stay, and refuse to receive any *ex parte* submissions or argument from the government.

The Defendants' request for relief is not pro forma solely based on the fact that the stay is in place; CIPA proceedings, including the pretrial conference under CIPA § 2, affect the Defendants' due process rights. Secret proceedings would constitute an abuse of discretion under CIPA § 4 and would violate the Defendants' right to due process. To ensure both "the appearance and the reality of fairness," the Court should not permit the Government to proceed *ex parte* without an adequate showing. *Abourezk v. Reagan,* 785 F.2d 1043, 1061 (D.C. Cir. 1986), *aff'd by an equally divided Court*, 484 U.S. 1 (1987); *see United States v. Rezaq,* 899 F. Supp. 697, 707 (D.D.C. 1995) ("*Ex parte* communications between a district court and the prosecution in a criminal case are greatly discouraged, and should only be permitted in the rarest of circumstances.").

In addition to a violation of the stay, the PTC Motion sets the stage for the government to ask the Court to accept *ex parte* submissions and arguments, which affect significantly the fairness of the proceeding and the Defendants' due process rights. So the government's decision to file this PTC Motion at a time when four of five Defendants are in competency proceedings places those Defendants' counsel in the very difficult position of having to decide whether, ethically, they need to respond substantively to the PTC Motion, and/or take some additional protective action to protect the client. *See* Rule 16-114(B) NMRA ("When the lawyer reasonably

believes that the client has diminished capacity, is at risk of substantial physical, financial or other harm unless action is taken and cannot adequately act in the client's own interest, the lawyer may take reasonably necessary protective action . . . ."). For this reason as well, whether the Court decides properly to strike the PTC Motion, or hold it in abeyance during the stay's pendency, the Court certainly should refuse to receive any *ex parte* submissions or argument from the government until the incompetency proceedings resolve and the Court lifts the stay.

## CONCLUSION

The Court stayed the proceedings in this matter on February 18, 2020, while the competency proceedings for the Defendants proceed. The government consented to the stay. Those competency proceedings for four of the five Defendants in this case are ongoing, and none of those four Defendants have been adjudicated competent. So they cannot assist their counsel in their defense. Under these circumstances, Defendants' counsel object to the government's filing of the motion for a pretrial conference under CIPA. The Court properly should strike the motion, or alternatively, hold it in abeyance until the Defendants' competency proceedings finish and the Court lifts the stay. Regardless which of those two forms of relief the Court grants, the Court should refuse any *ex parte* argument or submission related to the motion until the stay is lifted.

      Respectfully submitted,

      PEIFER, HANSON, MULLINS & BAKER, P.A.

      By   */s/ Matthew M. Beck*
          Matthew M. Beck
      P.O. Box 25245
      Albuquerque, NM 87125-5245
      Telephone: (505) 247-4800
      Facsimile: (505) 243-6458
      Email: mbeck@peiferlaw.com

      –and–

ROTHSTEIN DONATELLI

By:   */s/ Marc Lowry*
          Marc Lowry
500 4th St. NW, Suite 400
Albuquerque, NM 87102
Telephone: (505) 243-1443
Facsimile: (505) 242-7845
Email: mlowry@rothsteinlaw.com

*Attorneys for Defendant Lucas Morton*


OFFICE OF THE FEDERAL PUBLIC DEFENDER

By:   */s/ Aric Elsenheimer*

          Kari Converse
          Angelica M. Hall
          Aric Elsenheimer
111 Lomas Blvd. NW, Suite 501
Albuquerque, NM 87102
Telephone: (505) 346-2489
Facsimile: (505) 346-2494
Email: Kari_Converse@fd.org
          Angelica_Hall@fd.org
          Aric_Elsenheimer@fd.org

*Attorneys for Defendant Jany Leveille*


By:   */s/ Thomas J. Clark*
          Thomas J. Clark
432 Galisteo Street
Santa Fe, NM 87501
Telephone: (505) 820-1825
Facsimile: (505) 986-0475
Email: tmclark@cjplawsf.com

–and–

By:   */s/ Erlinda O. Johnson*
          Erlinda O. Johnson
620 Roma Ave. NW
Albuquerque, NM 87102
Telephone: (505) 792-4048

Facsimile: (505) 792-2268
Email: erlinda@erlindajohnsonlaw.com

*Attorneys for Siraj Ibn Wahhaj*


DUNCAN EARNEST LLC

By:   */s/ Theresa M. Duncan*
      Theresa M. Duncan
515 Granite Ave. NW
Albuquerque, NM 87102
Telephone: (505) 842-5196
Facsimile: (505) 750-9780
Email: teri@duncanearnest.com

–and–

LAW OFFICE OF CAREY C. BHALLA LLC

By:   */s/ Carey Bhalla*
      Carey C. Bhalla
925 Luna Circle NW
Albuquerque, NM 87102
Telephone: (505) 508-5589
Facsimile: (505) 243-6279
Email: carey@bhallalaw.com

*Attorneys for Hujrah Wahhaj*


By:   */s/ Billy R. Blackburn*
      Billy R. Blackburn
1011 Lomas Blvd. NW
Albuquerque, NM 87102
Telephone: (505) 242-1600
Facsimile: (505) 243-6279
Email: billy@bblackburnlaw.com

–and–

THE LAW OFFICE OF RYAN J. VILLA

By:   */s/ Ryan J. Villa*
      Ryan J. Villa

        2501 Rio Grande Blvd NW, Suite A
        Albuquerque, NM 87104
        Telephone: (505) 639-5709
        Facsimile: (505) 433-5812
        Email: ryan@rjvlawfirm.com

*Attorneys for Subhanah Wahhaj*

## CERTIFICATE OF SERVICE

      I hereby certify that on September 10, 2020, I filed the foregoing pleading electronically through the CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

        PEIFER, HANSON, MULLINS & BAKER, P.A.

        By   */s/ Matthew M. Beck*
              Matthew M. Beck