IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,     )
     )
    Plaintiff,     )
     )
  vs.     )     Cr. No. 18-CR-2945 WJ
     )
JANY LEVEILLE, ET AL.,     )
     )
    Defendant.     )


**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANTS' JOINT OBJECTION TO FILING OF MOTION FOR CIPA PRETRIAL CONFERENCE DURING PENDANCY OF THE STAY, MOTION TO STRIKE OR HOLD IN ABEYANCE THE MOTION AND TO REJECT *EX PARTE* COMMUNICATIONS AND SUBMISSIONS UNTIL STAY IS LIFTED**

The United States, through the undersigned counsel, files this Response in Opposition to Defendants' Joint Objection to Filing of Motion for CIPA Pretial Conference During Pendancy of the Stay, Motion to Strike or Hold in Abeyance the Motion and to Reject *Ex Parte* Communications and Submission Until Stay is Lifted, and in support thereof would show as follows:

## I.    BACKGROUND

On March 13, 2019, the Grand Jury returned a seven-count superseding indictment against Defendants, alleging violations of 18 U.S.C. §§ 371 (conspiracy), 922(g)(5) (possession of a firearm by a prohibited person), 1117 (conspiracy to murder an employee of the United States, 1201 (kidnapping), and 2339A (conspiracy and providing material support to terrorists).   (Doc. 85.)   On February 18, 2020, the Court granted a defense motion to stay all proceedings until

resolution of pending competency determinations.   (Doc. 192.)

On August 27, 2020, the United States filed a Motion for a Pre-Trial Conference Pursuant to 18 U.S.C. App. III (CIPA) Section 2 (hereinafter "the CIPA 2 Motion").   (Doc. 255.)   This CIPA 2 Motion advises the Court that discovery issues implicate the provisions of the Classified Information Procedures Act ("CIPA") and, for the benefit of the Court and Defendants, sets forth a roadmap summarizing CIPA's provisions.   The CIPA 2 Motion further asks the Court to set a hearing during which the Court may consider CIPA's impact on discovery and set a deadline for the Government's anticipated CIPA 4 motion.   Defendants object to the CIPA 2 Motion on grounds that it violates the Court's Order staying proceedings and violates' Defendants' due process rights.   (Doc. 260.)

## II.   RESPONSE

Defendants' objections are without merit.

As set forth in the CIPA 2 Motion, CIPA governs, among other things, procedures for discovery of classified information.   While discovery in this matter has been substantially completed, the United States' discovery obligations are ongoing, notwithstanding the Court's stay of proceedings.   The Second Stipulated Scheduled Order (Doc. 172) entered on December 17, 2019, provides that, "[i]f it becomes clear that [CIPA] causes significant delays in the processing of discovery, counsel for the United States will advise the Court and will, if necessary, seek an extension of the deadline for discovery and amendment of other deadlines and settings."   (Doc. 172.)   Recently, the United States determined that issues of discovery, disclosure, or use of classified information are anticipated in this case, implicating CIPA.   The United States requested in the CIPA 2 Motion that the Court convene a pretrial conference to consider the impact of

classified information on this case, specifically regarding the trial schedule and other relevant dates, as required by Section 2 of CIPA.   (Doc. 255, at 2.)   During the CIPA Section 2 pretrial conference, district courts generally establish the trial schedule for the case.   No substantive issues concerning the use, relevance, or admissibility of classified information are to be decided during the CIPA Section 2 pretrial conference.   (Doc. 255, at 6.)   The United States invoked Section 2 and requested a pretrial conference to establish a CIPA schedule for this case.   (Doc. 255, at 7.)

The United States is obviously required to meet its discovery obligations.   The United States is further required to follow the procedures set forth by CIPA to the extent that discovery, disclosure, or use of classified information is anticipated in a case.   The CIPA 2 Motion does little more than advise the Court of both of these requirements, summarize CIPA's procedures, and ask the Court to consider setting a deadline by which the United States must file its anticipated CIPA Section 4 motion.   This request does not violate the Court's stay of proceedings.   Nor do CIPA's discovery requirements violate Defendants' due process rights.   *See*, *e.g.*, *United States v. El-Mezain*, 664 F.3d 467, 520 (5th Cir. 2011)(CIPA clarifies the district court's existing power to restrict or deny discovery under the Federal Rules of Criminal Procedure); *United States v. Aref*, 533 F.3d 72 (2d Cir. 2008) (district court properly held *ex parte* hearings with the government when evaluating alleged classified material).   To the contrary, the CIPA 2 Motion advances timely completion of discovery in accordance with the United States' statutory and Constitutional obligations and contemplates no interference with the Court's stay of proceedings pending resolution of Defendants' competency proceedings.   CIPA's discovery requirements can be accomplished without prejudice to Defendants while the stay is in effect.   On the other hand,

3

Defendants' request to continue the CIPA 2 pretrial conference until after the stay is lifted would cause unnecessary delay, a circumstance Defendants surely wish to avoid.

Accordingly, the United States requests that the Court grant its CIPA 2 Motion and deny the Defendants' Motion to Strike or Hold in Abeyance the Motion and to Reject *Ex Parte* Communications and Submissions Until Stay is Lifted.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*/s/ Electronically filed*
KIMBERLY A. BRAWLEY
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

GEORGE C. KRAEHE
Trial Attorney
Counterterrorism Section
National Security Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC   20530

I HEREBY CERTIFY that on the 23rd day of September, 2020, I filed the foregoing pleading electronically through the CM/ECF system, which caused counsel of record for defendant to be served by electronic means.

*/s/ Filed Electronically*
KIMBERLY A. BRAWLEY
Assistant U.S. Attorney

4